| Case Number | Status | Judge |
|---|---|---|
| 2016 CA 004456 B | Open | MOTLEY, THOMAS J |

| In The Matter Of | | Action |
|---|---|---|
| ANDREW, COLIN  Vs. HERRING, MARK et al | | Complaint for Declaratory Judgment Filed |

| Party | | Attorneys |
|---|---|---|
| ANDREW, COLIN | PLNTF | WILLCOX, Mr THOMAS C |
| HERRING, MARK | DFNDT | |
| BAILEY, LARRY T. | DFNDT | |
| BOSWELL, ROY E. | DFNDT | |
| BRITT JR, M. GARDNER | DFNDT | |
| DUNCAN, DAVID P. | DFNDT | |
| FARMER, L. STEVE | DFNDT | |
| GRIPSHOVER, DAVID | DFNDT | |
| HOLCOMB, RICK | DFNDT | |
| HUBER, CLAY | DFNDT | |
| HUDGINS, WILLIAM "ART" | DFNDT | |
| HUTCHEN, BRIAN P. | DFNDT | |
| LINDSAY, CHIP | DFNDT | |
| MAHER, CHRIS | DFNDT | |
| MCQUEEN, MATTHEW | DFNDT | |
| MOORE JR, JACQUES J. | DFNDT | |
| PELTON, GEORGE R. | DFNDT | |
| TATE, JOE | DFNDT | |
| KODY, RONALD | DFNDT | |

| Opened | Disposed | Case Type |
|---|---|---|
| 06/17/2016 | Undisposed | Civil II |

Comments:

**Ex. 1 at 1**

2016 CA 004456 B   ANDREW, COLIN  Vs. HERRING, MARK et al

---

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr     Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|-----|---------|---------|---------|---------|
| 1 | 08/19/16 | Exparte Motion for 60 Day Extension in<br>which to Serve Defendant for Good Cause<br>Show Filed submitted. 08/19/2016 23:43 pla<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (Plaintiff);  Receipt: 346849<br> Date: 08/22/2016 | 20.00 | 0.00 |
| 2 | 08/09/16 | Summons Issued and eServed by the Clerk | 0.00 | 0.00 |
| 3 | 08/09/16 | Issue Date:  08/09/2016<br>Service:  Summons Issued<br>Method:  Service Issued<br>Cost Per:  $ | 0.00 | 0.00 |

HERRING, MARK
202 North Ninth Street
RICHMOND, VA   23210
Tracking No: 5000177582


BAILEY, LARRY T.
2201 W. Broad Street
#104
RICHMOND, VA   23220
Tracking No: 5000177583


BOSWELL, ROY E.
2201 W. Broad Street
#104
RICHMOND, VA   23220
Tracking No: 5000177584


BRITT JR, M. GARDNER
2201 W. Broad St
#104
RICHMOND, VA   23220
Tracking No: 5000177585


DUNCAN, DAVID P.
2201 W. Broad St
#104
RICHMOND, VA   23220
Tracking No: 5000177586


FARMER, L. STEVE
2201 W. Broad Street
#104
RICHMOND, VA   23220
Tracking No: 5000177587


GRIPSHOVER, DAVID
2201 W. Broad St
#104
RICHMOND, VA   23220
Tracking No: 5000177588


HOLCOMB, RICK

**Ex. 1 at 2**

---

2201 W. Broad St
#104
RICHMOND, VA   23220
Tracking No: 5000177589


HUBER, CLAY
2201 West Broad St
#104
RICHMOND, VA   23220
Tracking No: 5000177590


HUDGINS, WILLIAM "ART"
2201 w. Broad Street
#104
RICHMOND, VA   23220
Tracking No: 5000177591


HUTCHEN, BRIAN P.
2201 WEst Broad
#104
RICHMOND, VA   23220
Tracking No: 5000177592


LINDSAY, CHIP
2201 W. Broad Street
#104
RICHMOND, VA   23220
Tracking No: 5000177593


MAHER, CHRIS
2201 West Broad St
#104
RICHMOND, VA   23220
Tracking No: 5000177594


MCQUEEN, MATTHEW
2201 W. Broad Street
#104
RICHMOND, VA   23220
Tracking No: 5000177595


MOORE JR, JACQUES J.
2201 West Broad St
#104
RICHMOND, VA   23220
Tracking No: 5000177596


PELTON, GEORGE R.
2201 W. Broad Street
#104
RICHMOND, VA   23220
Tracking No: 5000177597


TATE, JOE
2201 West Broad Street
#104
RICHMOND, VA   23220
Tracking No: 5000177598


KODY, RONALD
2201 W. Broad St

**Ex. 1 at 3**

Date: 08/26/2016   14:40:50                    Docket Sheet                    Page: 4
CRTR5925                                        Summary

2016 CA 004456 B   ANDREW, COLIN  Vs. HERRING, MARK et al

```
                    #104
                    RICHMOND, VA   23220
                    Tracking No: 5000177599
```

| No. | Date of | Pleadings Filed, Orders and Decrees<br>Journal Book-Page-Nbr        Ref Nbr | Amount Owed/<br>Amount Dismissed | Balance Due |
|---|---|---|---|---|
| 4 | 08/08/16 | Initial Summons Requested as to Filed.<br>submitted 08/08/2016 09:00. tds<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (Plaintiff); | 0.00 | 0.00 |
| 5 | 08/08/16 | Initial Summons Requested as to Filed.<br>submitted 08/08/2016 09:00. tds<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br>COLIN ANDREW (Plaintiff); | 0.00 | 0.00 |
| 6 | 06/20/16 | Complaint Package eServed | 0.00 | 0.00 |
| 7 | 06/20/16 | Initial Order and Addendum Issued (60 Days)<br><br>Initial Order-60 Days<br>Sent on:  06/20/2016  11:18:09.05 | 0.00 | 0.00 |
| 8 | 06/20/16 | Event Scheduled<br>Event: Initial Scheduling Conference-60<br>Date: 09/23/2016    Time: 9:30 am<br>Judge: MOTLEY, THOMAS J    Location:<br>Courtroom 212 | 0.00 | 0.00 |
| 9 | 06/17/16 | eComplaint Filed. submitted 06/17/2016<br>20:19. tds (SUMMONS AND INFORMATION SHEET<br>NOT SUBMITTED).<br>Attorney: WILLCOX, Mr THOMAS C (445135)<br><br>COLIN ANDREW (Plaintiff); | 0.00 | 0.00 |
| 10 | 06/17/16 | Complaint for Declaratory Judgment Filed<br>Receipt: 341736  Date: 06/20/2016 | 120.00 | 0.00 |

```
                    Totals By:  Cost
                                                 140.00              0.00
                                Information
                                                   0.00              0.00
                    *** End of Report ***
```

Filed
D.C. Superior Court
06/20/2016 20:19PM
Clerk of the Court

\DISTRICT OF COLUMBIA SUPERIOR COURT
Civil Division

Colin Andrew
7495 Hickory Log Circle
Columbia, Maryland 21045

Civil Action No:  **2016 CA 004456 B**

As Class Representative
v.

Mark Herring
Office of the Attorney General
202 North Ninth Street
Richmond, VA 23219
In his capacity of Attorney General of Virginia

And

Larry T. Bailey,
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

Roy E. Boswell, Owner
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

M. Gardner Britt, Jr., Owner
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

David P. Duncan, General Manager
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

L. Steve Farmer, Owner
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

David Gripshover, President
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104

Richmond VA 23220

Rick Holcomb, Commissioner
Department of Motor Vehicles
2300 W. Broad Street
Richmond, Virginia 23219

Clay Huber, Owner
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

William "Art" Hudgins, Owner
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

Brian P. Hutchens, Owner
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

Ronald Kody, Owner
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

Chip Lindsay, President
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

Chris Maher, President
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

Matthew McQueen,
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

Jacques J. Moore, Jr.,
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104

Richmond VA 23220

George R. Pelton
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

Joe Tate
Virginia Motor Vehicle Dealer Board
2201 W. Broad St, #104
Richmond VA 23220

In their professional capacities as member of
the Virginai Motor Vehicle Dealer Board

Defendants

## CLASS ACTION COMPLAINT AND REQUEST FOR INJUNCTIVE AND DECLARATORY RELIEF

**Nature of Action**

1.    This class action arises out of the Defendants' violations of the constitutional right of the

Plaintiff's to have the judgments they may obtained or will obtain in District of Columbia

or other courts outside of the commonwealth of Virginia enforced by the Commonwealth

of Virginia.   Defendants interpret a statutory scheme so as to favor judgments of the

Commonwealth of Virginia over judgments of other states, thereby unconstitutionally

depriving those such as the plaintiff class of the right to obtain judgments outside of the

Commonwealth of Virginia and wish to have them enforced in Virginia.

2.    Defendants' statutory scheme creates a fund administered by the Commonwealth which

will pay for unsatisfied judgments issued against Virginia Auto Dealers. The statute

applies whenever any person is awarded a final judgment in a court of competent

jurisdiction in the Commonwealth   As interpreted(incorrectly)  by the Commonwealth, this excludes foreign judgments recorded in Virginia.

3.      Thus, individuals such as the plaintiff, who are or are considering suing a Virginia Auto Dealer, must sue in Virginia court if the dealer ultimately does not satisfy any judgment

4.      Plaintiff asserts individual and class claims under 28 USC 1983 for an injunction barring enforcement of the scheme, plus attorneys fees and expenses.

**Parties**

5.      Plaintiff Colin Andrew is a citizen of Maryland.  He was a citizen of Washington DC when the transaction leading to this litigation took place. .

6.      Defendant , Mark Herring, is the Attorney General of the Commonwealth of Virginia.  He is being sued in his official capacity.

7.      Defendants Larry T. Bailey,  Roy E. Boswell, M. Gardner Britt, David P. Duncan, L. Steve Farmer, David Gripshover, Rick Holcomb, Clay Huber, William "Art" Hudgins, Brian P. Hutchens, Ronald Kody, Chip Lindsay, Chris Maher, Matthew McQueen, Jacques J. Moore, Jr, George R. Peltonand Joe Tate are members of the Virginia Motor Vehicle Board.

**Jurisdiction**

9.      The court has subject matter jurisdiction as this case is grounded entirely on claims brought exclusively under 28 USC Section 1983 seeking enforcement of constitutional rights under the Full Faith and Credit Clause of the United States Constitution.

10.     Venue is proper because the incident out of which the instant action arose, the sale of the vehicle in question to plaintiff, took place within this district.

J:\daily back up\active\Andrew\MVB case_EDVA\Filings\10_05_26_Complaint\drafts\10_03_31.wpd  12:33 pm\0/1/10

11.     Personal juridisction is appropriate over the defendants because the Board acts as a de facto guarantor of the debts of numerous Virginia Auto Dealers who derive a significant portion of revenues from sales to residents of the District of Columbia.  Further, the damage caused when the Board refuses to honor judgments obtained in DC Courts by DC citizens takes place in this jurisdiction. See D.C. Code Ann. § 13-423 "Personal jurisdiction based upon conduct "

>   (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's --

>    (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>    ' ' ' ' ' ' '

>    (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting . . .

12.     A large number of Dealers who are either on the Board or or pay fees for the Board's suretyship (and other) services regularly solicit business from DC Residents, issue paperwork for a substantial number of DC license plates and derive substantial revenues from the District of Columbia.

13.     Notably among the dealerships owned Board members in this regard are and Ted Britt Ford of Alexandria and Lindsay Cadillac Company.  Note that discovery is being served on all Board Members (as well as some non-Board members who sell on the DC Border) to confirm the number of DC sales from Virginia Auto Dealers.

14.     The case law is clear on this point> *See, e.g*, Automotive Finance v. Aberdeen Auto Sales, 2007 U.S. Dist. LEXIS 60136 (S.D. Ind. 2007) (subjecting out of state guarantor to

personal jurisdiction); See also . *The State Bank of The Alleghenies v. Hudnall,* 62 F.3d

1415 (4th Cir 1993, unpublished). *See, e.g, General Electric Company v. Deutz,* 270 F.

3d 144, 152 (3rd Cir. 2001); Continental Bank v. Everett, 964 F.2d 701, 701 (7th Cir

1002);   Therefore, by agreeing to guarantee the potential obligations of businesses that

regularly subject themselves to the jurisdiction of the District of Columbia, the Board has

subjected itself to the jurisdiction of the District of Columbia.1

RIPENESS

15.     The VMVDB has repeatedly affirmed it policy that it will refuse judgments from out-

of-state court.  On July 18, 2009, it denied the Claim of one Mashara Sato which claim

originated in a DC Superior Court,  In its denial letter (Exhibit A), the Board stated

"[Va Code 46.2-1527-3 set forth what claims are compensable from the fund.  First, the

retail consumer must initiate a lawsuit against a licensed Motor Vehicle Dealer in

Virginia."

Id at page 4.

16.     Even further, in seeking dismissal as an indispensbLe party from the Superior Court

action Mr. Andrew filed against AIC, , the Board made this position even clearer:

> "[plaintiff] stated that the Board has a fund that pays up to $20,000
> for judgments which the dealer does not satisfy.  .  However, the
> Virginia Statute which allows for recovery , Va. Code Sec
> 4212.1527.3, requires that a claimant be awarded a final judgment
> on a court in Virginia for fraud against a Dealer.  The case before
> this court is obviously not in Virginia

Exhibit B at 2-3.

17.     The Board therefore has clearly stated to not just the current plaintiff but a former that

that it will not honor out of state judgment.

18.     The next issue to be determined is when an aggrieved plaintiff is injured by such a

constitutional violation.

19.     In 2009, the undersigned broughht on behalf of Mr. Andrew and the Class a similar 1983

action in Virginia Federal Court. in dismissing the case, Judge Henry Hudson noted "t]he

Amended Complaint filed in the case assumes that class plaintiffs will prevail in their out

of state lawsuits and obtain a judgment which could form the basis of or a claim aginst

the Fund. Exhibit C at 4-5.  Therefore, Judge Hudson viewed the case as ripe as soon as a

plaintiff had an actionable judgment against the fund.

20.     Therefore, as Mr. Andrew has an unsatisfied judgment for fraud against a Virginia Auto

Dealer, the instant case is ripe for adjudication.

**Class Action Allegations**

11.     This Action is brought as a class action seeking injunctive and declaratory relief, pursuant

to FRCP 23(b).

12.     Mr. Andrew is not aware of any pending litigation concerning the claims herein except  as

follows:

13.      On December 23 2015, Mr. Andrew obtained a judgment in DC Superior Court against a

defunct Virginia Auto dealer.  is currently filing a claim with the Virginia Motor Vehicle

Board for payment under the Board's fund.  The Board 's website makes it clear that it

will not honor out of state judgments, a patent violation of the Full Faith and Credit

Clause of the US Constitution.

14.     This Court is the most appropriate forum for adjudicating the claims at issue, which arise

under the enforcement of a Virginia statute, which deprives those who obtain judgments

against Virginia Auto Dealers outside of the Commonwealth of Virginia of their constitutional right to have such judgments honored in Virginia in the same fashion as a judgment issued by courts of other jurisdictions.

15. The defendants are the Attorney General of Virginia, in his professional capacity, and the individual members of the Board.

16. None of the individual defendants have qualified immunity.

17. Mr. Andrew  does not anticipate any difficulty in the management of this action as a Class action.

18. There are many questions of law and fact common to the Class which may affect individual members.

19. These include: whether the statute of question, which compels those individuals who are contemplating suing or are suing, Virginia auto dealers to bring their claims in Virginia Courts if they wish to avail themselves of the benefits of the Dealer Board Fund..

20. Whether the statute unconstitutionally discriminates against judgments of other jurisdictions by requiring that any unsatisfied judgment brought to the board for reimbursement be issued by a Virginia Court.

21. Whether such discrimination violations the Full Faith and Credit Clause of the Tenth Amendment to the United States Constitution by unconstitutionally distinguishing between judgments of different states.

22. Whether Mr. Andrew and the Class are entitled to equitable and injunctive relief against the Defendants.

23. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

24.     The importance of proceeding as a class is demonstrated by the fac that in 2011, the

        undersigned bought a prior action in Virginia federal court for the same plaintiff

        (dismissed as Mr. Andrew had not yet obtained a judgment against the dealer) against the

        Board.  The Board failed to report that lawsuit in its minutes, clearly concerned that auto

        buyers might take note of their unlawful activity.

Factual Allegations

Background

24.     Article IV, Section 1 of the United States Constitution, commonly known as the Full

        Faith and Credit Clause, addresses the duties that states within the United States have to

        respect the " Full faith and credit shall be given in each state to the public acts, records,

        and judicial proceedings of every other state. And the Congress may by general laws

        prescribe the manner in which such acts, records, and proceedings shall be proved, and

        the effect thereof".. This law is codified in 28 U.S.C. § 1738, which states:

> "Such Acts, records and judicial proceedings or copies thereof, so
> authenticated, shall have the same full faith and credit in every
> court within the US and it Territories and Possessions as they have
> by law or usage in the courts of such State, Territory or Possession
> from which they are taken."

25.     The Commonwealth of Virginia Motor Vehicle Dealer Board (MVDB or Board) regulates

        enforcement of the regulations to which Virginia Auto Dealers must comply with

26.     An important component of the MVDB is enforcement of the Fund, VA Code § 46.2-

        1527.3. "Recovery from Fund, generally."

> Except as otherwise provided in this chapter, whenever any person
> is awarded a final judgment **in a court of competent jurisdiction
> in the Commonwealth** for (i) any loss or damage in connection
> with the purchase or lease of a motor vehicle by reason of any

fraud practiced on him or fraudulent representation made to him by a licensed or registered motor vehicle dealer participating in the Motor Vehicle Transaction Recovery Fund . . . may file a verified claim with the Board, requesting payment from the Fund of the amount unpaid on the judgment subject to the following conditions:

3. If **the final judgment from a court of competent jurisdiction includes**, as part of the judgment, an award of attorney fees and court costs, the Fund may include those in its payment of the claim if (i) the claimant had previously submitted to **the trial court** a detailed and itemized affidavit by counsel for the judgment creditor seeking such fees and costs, including a breakdown of the hours worked and the subject matter of those hours; (ii) said itemized affidavit formed the basis of **the court's award of** such fees; and (iii) a copy of such affidavit is provided to the Board with the judgment creditor's claim. If the award of attorney fees and costs by **the trial court** was not based on a detailed and itemized affidavit from counsel for the judgment creditor with a breakdown of the hours worked, then the Board may review and limit any claim for attorney fees to those directly attributable to that portion of the final judgment that is determined to be a compensable claim by the Board against the Fund, and the Board may require a detailed itemization from counsel before considering such claim for attorney fees.

(emphasis added).

27.     The statute references the importance of the final judgment coming from a "court of competent jurisdiction in the Commonwealth".  .

28.     However, the references to the "trial court" without any qualifier as to its location indicates the legislature intended to permit consumers to bring cases in courts outside the Commonwealth, then register them within the Commonwealth pursuant to the Uniform Enforcement of Foreign Judgments Act, § 8.01-465.1.

29.     Once so registered, "[a] judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment

of a circuit court of any city or county of this Commonwealth and may be enforced or

satisfied in like manner". VA. Code  § 8.01-465.2. .

30.     Such treatment is consistent with the Full Faith and Credit Clause of the United States

Constitution, which provides: Full Faith and Credit shall be given in each State to the

public Acts, Records, and judicial Proceedings of every other State. And the Congress

may by general Laws prescribe the Manner in which such Acts, Records and Proceedings

shall be proved, and the Effect thereof."

31.     Even further, the Supreme Court has made it clear that the legislature cannot create a

cause of action and limit the courts in which it may be enforced.  See, *Tennessee Coal*

*Iron & RR Co v. Georgia*, 223 U.S. 354 (1914) (Permitting enforcement by the Georgia

Courts of a cause of action give by Code Ala 1907, § 3910, to a servant for injuries

caused by defective machinery, as not denying full faith and credit to provision of section

6115 of that Code, which code specified that all actions brought under § 3910 must be

brought in a court of competent jurisdiction in the state of Alabama and commenting:

> The courts of the sister state, trying the case, would be bound to
> give full faith and credit to all those substantial provisions of the
> statute which inhered in the cause of action, or which name
> conditions on which the right to sue depend.  But venue is no part
> of the right, and a state cannot create a transitory cause of action
> and at the same time destroy the right to sue on that transitory
> cause of action in any court having jurisdiction. That jurisdiction is
> to be determined by the law of the court's creation, and cannot be
> defeated by the extraterritorial operation of a statute of another
> state, even though it created the right of action"

233 US at 354.

32.     Another case demonstrating that the Full Faith and Credit Clause trumps efforts of states

such as Virginia in the present case to express preference for the judgments of its own

courts is *Atchison . S.F.R. Co. v Sowers*, 213 U.S. 55, 70 (1909).  In *Atchison*, the

Supreme Court permitted the enforcement in Texas Courts of a New Mexico statute

giving a right of action for personal injuries.  The New Mexico statute provided that such

suits be brought after certain form of notice in a particular district and was preceded by

the recital that 'it has become customary for persons claiming damages for personal

injuries received in this territory to institute and maintain suits for the recovery thereof in

other states and territories to the increased cost and annoyance. and manifest injury and

oppression of the business interests of business interests of this territory and the

derogation of the dignity of the courts thereof"

213 U.S. at 56.

33.  Despite this statement of the public policy of the territory, the <u>Atchison</u> court affirmed the

judgment affirmed by the plaintiff in Texas, noting:

> `When it is shown that the court in the other jurisdiction
> observed such conditions and that a recovery was permitted after
> such conditions had been complied with, the jurisdiction thus
> invoked is not defeated because of the provision of the statute
> 'requiring the suit to be brought in the district where the plaintiff
> resides or where the defendant, if a corporation, has its principal
> place of business'"

213 US at 50.  *See also, Kenney v. Supreme Lodge*, 252 U.S 411, 40 S.Ct 371, 64 L.Ed  638

(1920) ("when the cause of action is created, the invalidity of attempts to limit the jurisdiction of

other States to enforce it [is established] by the decisions of this court").  *Id* at 415, citing

*Tennesee <u>Coa</u>l*, <u>supra</u>;;

As  noted above, the Board has disregarded the warnings and has vigorously sought to

enforce its unconstitutional position. .

34.  Representative Plaintiff Colin Andrew has obtained a DC judgment for fraud against a

defunct Virginia Auto dealer.

35.    The Board has claimed it must limit honoring judgment to those of Virginia Courts because otherwise victims of Virginia Auto Dealers could sue "anywhere" forcing the Board to appear "anywhere" and intervene to protect its interests.

36.    To the contrary, the due process clause of the United States Constitution, as interpreted in conjunction with state long arm statutes, limits the ability of any prospective plaintiff to sue Virginia auto dealers within the limits of the long arm jurisdiction of that state, as interpreted in the context of the Due Process Clause of the United States Constitution.

37.    In practical terms, this means that a Virginia Auto Dealer is only likely to be sued in either Virginia Maryland or Washington DC; and, in any event, nowhere that is in violation of the Due Process Clause of the United States Constitution.

38.    The Board has also claimed that because it has an administrative process to ensure claimants have complied with the statute, such administrative proceeding is unique to Virginia, and therefore, Virginia is entitled to a limited exception to the Full Faith and Credit Clause for administrative proceedings within the state.

39.    To the contrary, the statute in question does not create an administrative proceeding to be heard in Virginia.  Rather, the Commonwealth of Virginia, through the Board, uses the administrative proceedings in question to ensure statutory compliance.  In the present circumstance, through these proceedings, the Board enforces the statute in an unconstitutional manner, unconstitutionally discriminating against out of state judgments.

40.    The Plaintiff Colin Andrew and the Class is entitled to a declaration from this court that the defendants will honor their constitutional right to have judgments from other states honored by the Commonwealth of Virginia.

J:\daily back up\active\Andrew\MVB case_EDVA\Filings\10_05_26_Complaint\drafts\10_03_31.wpd 12:33 pm10/1/10

13

36.     Therefore, the VMDB's actions, under color of official right, are in violation of the Full

Faith and Credit Clause. Mr. Andrew seeks declaratory relief that such interpretation is

unconstitutional

Count One
28 USC Section 1983

39.     The allegations in Paragraphs 1 through 38 are incorporated herein by reference

40.     42 U.S.C. § 1983 : US Code - Section 1983: "Civil action for deprivation of rights"

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, . . . . .

41.     By failing to honor the judgments of the court of the District of Columbia, and other

jurisdictions, the defendants are violating the constitutional rights of the class under the Full

Faith and Credit Clause.  The Plaintiff Class may not exercise their right to sue Virginia Auto

Dealers in a jurisdiction of the choice of the Plaintiff Class (subject to the limits of personal

jurisdiction statutes and Due Process), without the risk their constitutional rights will be violated

by the defendants if the Virginia Auto Dealer in question becomes insolvent and the Plaintiff

seeks to have the non-Virginia judgment honored by the Board.

WHEREFORE, Colin Andrew seeks, on behalf of the class: (1) an injunction barring the defendants from enforcing Section § 46.2-1527.3 in the unconstitutional manner it is now interpreted, and a declaration that the Commonwealth of Virginia, and the Board, will, consistent with the Full Faith and Credit Clause, honor out of state judgments and (2), pursuant to 42 USC § 1988, reasonable attorneys fees and costs incurred in the prosecution of this action, and any other relief this court deems just and proper.

JURY TRIAL DEMANDED ON ALL ISSUES SO TRIABLE

Respectfully submitted

*/s/ Thomas C. Willcox*
Thomas C. Willcox, Attorney at Law
DC Bar No 445135
1717 K Street, N.W., Suite 900
Washington DC 20036
202.338.0818
tcw19law@gmail.com

## DISTRICT OF COLUMBIA SUPERIOR COURT
## CIVIL DIVISION

|  |  |
|---|---|
| COLIN ANDREW | ) |
|           Plaintiff, | ) Civil Action No. 2008 CA 008450 B |
| v. | ) |
|  | ) Judge Josey Herring |
| WELLS FARGO ET AL | ) |
|           Defendants. | ) Next Court Date: December 11, 2009 |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE VIRGINIA MOTOR VEHICLE DEALER BOARD'S MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM, LACK OF PERSONAL JURISDICTION AND IMPROPER JOINDER

### FAILURE TO STATE A CLAIM

1. The Complaint filed in this action against American Import Center, Tehran Ghasri, and Wells Fargo Auto Finance does not seek any relief against the Virginia Motor Vehicle Dealer Board, and does not state any facts which would support a claim for relief against the Board.

2. Additionally, the Memorandum in Support of Plaintiff's Ex Parte Motion for Issuance of Summons for the Motor Vehicle Dealer Board to be joined as an Indispensable party states that the Board has a fund that pays up to $20,000 for judgments against Virginia auto dealers which the dealer does not satisfy. However, the Virginia statute which allows for recovery from the fund, Va. Code §46.2-1527.3, requires that a claimant be awarded a final judgment in a court in Virginia for fraud against a dealer. The case before this Court obviously is not proceeding in Virginia.

1

3. Dismissal under Rule 12(b)(6) is warranted "when it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief" Cauman v. George Washington University, 630 A.2d 1104 (1993).  There is no doubt that the Plaintiff has failed to allege, and can prove no facts, to support a direct claim against the Board.

LACK OF PERSONAL JURISDICTION

4. The bases of personal jurisdiction of this Court over persons outside the District of Columbia jurisdiction is established in D.C. Code §§13-421 to 13-423.  The Board has neither an enduring relationship in the District of Columbia nor has it engaged in any conduct as defined by D.C. Code §13-423 which would allow this Court to exercise jurisdiction.

5. Plaintiff bears the burden of establishing an adequate factual basis for long-arm jurisdiction.  Naartex Consulting Corp. v. Watt, 232 U.S. App. D.C. 293, 722 F.2d 779, 785 (D..C. Cir 1983).  In Coalition on Sensible Transportation Inc. v. Dole 631 F. Supp 1382 (D.D.C. 1986), the court found jurisdiction was not established against the Maryland Department of Transportation and its administrator where the Department had no office in D.C. and conducted no business in D.C..  Similarly, in the case at hand, the Virginia Motor Vehicle Dealer Board has no office, nor does it conduct any business in the District of Columbia.  Therefore, jurisdiction cannot be exercised over the Board and this Court should dismiss the Board as a Party

2

## IMPROPER JOINDER UNDER RULE 19

6.   The Plaintiff claims that the Board is an indispensable party under Rule 19.   However, under the terms of that Rule, it is manifest that the Board is not a person needed for just adjudication.   "A party is 'indispensable' when he has an interest in the proceeding not distinct and severable, and a final decree cannot be made in the party's absence without having an injurious effect on that interest; when the Court cannot do complete and final justice without affecting the party's interest; or when the final determination of the controversy in the party's absence will be inconsistent with equity and good conscience" Flack v. Laster 417 A.2d 393 (1980).   None of the requirements under the Rule, or pertinent case law, have been established to join the Board  as an indispensable party.

7.   Further, under Rule 19(a), when a person is joined, they must be joined either as a plaintiff, defendant or an involuntary plaintiff.   There is no other status for a party to be joined.   However, The Plaintiff has in no way established, or even alleged, that the Board is any of these statuses.   Therefore, the Board has been improperly joined as an indispensable party, and should be dismissed as a party.

Respectfully submitted,

By counsel

WHITESTONE, BRENT,
YOUNG & MERRIL, P.C.

3

*/s/ Hunter A. Whitestone*
Hunter A. Whitestone, Bar # 454321
10513 Judicial Drive, #300
Fairfax, Virginia 22030
703/591-0200
Hunter.Whitestone@wbymlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that today I filed the foregoing Memorandum of Points &

Authorities via CaseFileXpress and e-mailed a copy to

Tomwillcox87@yahoo.com, Judgejosey-herringeserve@dcsc.gov,

dmahdavi@fmsrlaw.com and Ray.Mulera@RCIS.com

Today,

November 25, 2009

*/s/ Hunter A. Whitestone*
Hunter A. Whitestone

4

## DISTRICT OF COLUMBIA SUPERIOR COURT
## CIVIL DIVISION

|  |  |
|---|---|
| COLIN ANDREW ) | |
|         Plaintiff, ) | Civil Action No. 2008 CA 008450 B |
| v. ) | |
| ) | Judge Josey Herring |
| WELLS FARGO ET AL ) | |
|         Defendants. ) | Next Court Date December 11, 2009 |

### ORDER

Upon consideration of the Motor Vehicle Board's Motions for Dismissal of the action, it is by the Court this _____ day of _____, 2009, hereby

ORDERED that the clerk of court shall dismiss the action as to the Motor Vehicle Board.


_____
Anita Josey-Herring
Associate Judge

1



# COMMONWEALTH of VIRGINIA
## Motor Vehicle Dealer Board

July 16, 2009

Mr. Masahiro Sato
2401 Calvert Street, NW # 515
Washington, D.C.

   Re: <u>Masahiro Sato v. Field Auto City</u>
    Claim against Motor Vehicle Transaction Recovery Fund

Dear Mr. Sato:

  This letter is to advise you of the Motor Vehicle Dealer Board's ("Board") decision on your claim against the Motor Vehicle Transaction Recovery Fund ("Fund").

  The facts surrounding your claim indicated that on or about July 10, 2004, you entered into an agreement with Field Auto City to purchase a 1998 Jeep Cherokee for $7,524.61. You made a down payment of $2,000, but you did not receive title to the vehicle. You later had to make repairs to enable the vehicle to pass inspection in the District of Columbia. You still had not received title to the vehicle at that time, and the temporary tags that you received from the dealer expired. Thus, you were unable to use the vehicle.

  In September, 2005, you filed a lawsuit against Field Auto City in the District of Columbia Superior Court based on breach of warranty of title and breach of the Virginia Consumer Protection Act. On June 26, 2006, the District of Columbia Superior Court awarded you a judgment against Field Auto City in the amount of $17,000 for damages plus $2,775 for attorney's fees. In April, 2007, you submitted this judgment to the Board as a claim against the Fund.

  In April, 2007, your counsel also notified the Board that you had eventually received title to the vehicle, and you had sold it for $4,100. Additionally, you subsequently filed a Praecipe Requesting Entry of Foreign Judgment with the Clerk of the Fairfax County Circuit Court. That was filed on August 2, 2007.

**2201 West Broad Street**  •  **Suite 104**  •  **Richmond, Virginia 23220**
Telephone: (804) 367-1100       Fax Number: (804) 367-1053

July 16, 2009
Page 2

In October, 2007, an administrative informal fact finding conference was held under the Administrative Process Act (APA) regarding your claim against the Fund. Even though you did not participate, your counsel did. The Hearing Officer compiled facts and arguments for the consideration of the Board, and those findings were presented to the Board at its November 5, 2007 Board meeting. Among the findings by the Hearing Officer was that your counsel had filed the lawsuit in the District of Columbia Superior Court before he was aware of the provisions governing the Fund. It was not until after he obtained the judgment presented to the Board that he became aware of the Fund, and thus, had not complied with the provisions of § 46.2-1527.4 in serving any documents, including the initial complaint, on the Board so that it may determine whether it would exercise its discretion to move to intervene. At the full Board meeting on November 5, 2007, the Board, after initially deciding to deny the claim on the grounds that the Board had not been given an opportunity to intervene as required by law, and there was no judgment from a court of competent jurisdiction in Virginia, then voted on a substitute motion to table any consideration of the claim until your counsel could determine if the deficiencies in the claim under the statute could be remedied. The Board believed that the filing of the Praecipe Requesting Entry of Foreign Judgment with the Clerk of the Court was insufficient to meet the statutory prerequisites of a claim against the Fund.

In March, 2008, a Motion for Judgment was filed on your behalf in the Fairfax County Circuit Court asking the Court to "enter the DC judgment as one of a Virginia Court so that the MVDB can pay the judgment." By letters dated April 28, 2008 and May 29, 2008, counsel for the Board wrote your attorney to explain why the Board would not be involved in the lawsuit. Also, a pleading was filed by counsel for the Board with the Court stating basically the same thing. Essentially, counsel for the Board did not believe that by being a party to the lawsuit, the Court could re-open the facts considered by the District of Columbia Superior case, or that it could re-contest the merits of the claims you asserted against Field Auto City in that Court. The Board did not have an opportunity to intervene in that action, and it would be of no effect to do so in the Virginia action.

Later, a Motion for Order Granting Entry of Foreign Judgment was filed by your counsel asking the court "to issue a judgment signed by the court (for all practical purposes, the same effect as the clerk entering a foreign judgment . . .)." The Board understands that on October 10, 2008, the Court entered an order titled "Entry of Foreign Judgment" which incorporated the District of Columbia Judgment by reference. Then, on March 6, 2009, the Fairfax Circuit Court considered an amended "motion for . . . entry of foreign judgment" and granted it in the amount of $31,916. The increased amount from the original judgment was, for the most part, attorney's fees and costs. It was this judgment entered on March 6, 2009 and which was presented to the Board at the July meeting as a claim against the Fund.

July 16, 2009
Page 3

By letter dated June 26, 2009, the Board advised your counsel that the normal procedures for the consideration of a claim against the Fund was to hold an informal fact finding conference and give both the dealer and the claimant an opportunity to present any information they desire. However, it was also noted that this claim had been through that process once, and gave your counsel the option to, in essence, skip that step and proceed immediately for consideration by the Board since the issues were the same. Receiving no objection to proceeding directly to the Board, your claim was presented to the Board at its bi-monthly meeting on July 13, 2009 with your counsel present. Both the Motor Vehicle Transaction Recovery Fund Committee and the full Board had the opportunity to carefully review the documents in this case, including all documents submitted by your attorney; documentation from the two Court proceedings provided by your counsel; as well as your counsel's written and oral arguments in support of your claim. Further, as indicated above, your counsel appeared at the Board meeting on July 13, 2009, and presented argument on your behalf in favor of payment of the claim.

Va. Code § 46.2-1527.3 sets forth what claims are compensable from the Fund. There are both procedural prerequisites and legal prerequisites for a claim to be compensable. First, the retail consumer must initiate a lawsuit against the licensed motor vehicle dealer in a court of competent jurisdiction in Virginia. Also, under § 46.2-1527.4, the retail consumer must serve the Board with all pleadings and documents served on the dealer. There is a reason for that requirement – the Board is statutorily given the authority to file a motion to intervene in the case. Thus, it makes sense that the case be filed in a court of competent jurisdiction in Virginia, or else the right to intervene would have little meaning. Virginia law cannot compel other states or other jurisdictions to allow the Board to intervene. Further, the right to intervene would have little meaning unless the right to intervene also meant that the Board could be involved in the litigation on the merits (both factual and legal) of the allegations against the dealer. If the Board was precluded from having a right to intervene and participate on those issues, then there would seem to be little sense in intervening.

In this case, the initial lawsuit was filed in the District of Columbia Superior Court, and the Board was not served with any pleadings in that matter. Those are undisputed, and even acknowledged, facts. Thus, that lawsuit was not filed in a court of competent jurisdiction in Virginia, and the Board was not given notice of the lawsuit (even if it could have intervened) under § 46.2-1527.4. To attempt to remedy this failure, you first filed a praecipe with the Fairfax County Circuit Court Clerk's Office asking that the District of Columbia Superior Court judgment be filed with the records of the Court. The Board has been advised by counsel that there exists procedures for this type of action in the Uniform Enforcement of Foreign Judgment Act, §§ 8.01-465.1, et. seq., and your attorney referenced this Act as his authority in a subsequent pleading filed with the Fairfax Circuit Court.

July 16, 2009
Page 4

The Board understands that this Act allows judgments from other states to be given full faith and credit, and allows you to seek payment of that judgment against Field Auto City in Virginia. But, it was the Board's understanding, upon advice from counsel, which such a filing did not allow the Board to re-litigate the merits of the case already decided and rendered final in the District of Columbia Superior Court. The process followed in this case (e.g. filing of a foreign judgment in a Virginia court) essentially negates the whole purpose behind § 46.2-1527.4. While the Board had initially decided to deny your claim at its November, 2007 meeting, it decided to table any decision to give your attorney further opportunity to seek legal remedies.

Thus, you then filed your Motion for Judgment in the Circuit Court for Fairfax County asking that the Court enter the foreign judgment from the District of Columbia Superior Court as a judgment in Virginia. In fact, the Motion for Order Granting Entry of Foreign Judgment stated this was "for all practical purposes, the same effect as the clerk entering a foreign judgment." Your counsel argued to the Board that (1) the Board was served with this Motion for Judgment; (2) could have participated in the proceeding; and (3) it was a judgment from a court in Virginia. Thus, your attorney argued that it meet the prerequisites of §§ 46.2-1527.3 and 46.2-1527.4.

At its meeting on July 13, 2009, after listening to advice from counsel for the Board, the Board did not agree with your arguments. The Board still does not believe that the underlying judgment (from the District of Columbia Superior Court) was obtained in compliance with the prerequisites of the Fund, and the filing of the Order in the Fairfax County Circuit Court did not remedy or cure those defects. The Board could not exercise its full right to intervene in the Fairfax case to challenge a decision that had already been rendered and was final. Simply filing a final judgment from another state in a Virginia Court is not the same as having that case tried on its merits in a Virginia Court and allowing the Board the chance to actively participate in all aspects of that lawsuit. As your motion stated, the filing of the Order was merely "for all practical purposes, the same effect as the clerk entering a foreign judgment." You can certainly pursue all remedies normally available to a judgment creditor against Field Auto City (the defendant), but it is also clear the Fund was not intended to be a remedy for every judgment against a motor vehicle dealer. The General Assembly has designed it in a limited manner. Thus, it is has been the understanding of the Board that the Fund is not and never was intended to be the primary or sole source of recovery for any consumer who has successfully filed a lawsuit against a motor vehicle dealer. Rather, it is source of recovery funded by the dealers themselves and is, in essence, an alternative method of recovery for very specific types of claims obtained in Virginia after certain procedures have been met. The Board has historically interpreted those provisions to require that the judgment itself be tried and decided on the merits in a Virginia Court, and not simply filed as a foreign judgment that has already been decided and is final. Further, the Board has historically interpreted the statute to not allow payment for a lawsuit filed and tried on its merits in another state. It is simply not a basis for payment under § 46.2-1527.3. This is a position that the Board has consistently taken over a long period of time, and the General Assembly has not altered or changed the statute to indicate otherwise.

July 16, 2009
Page 5

In your case, you made a choice to seek the initial judgment in the District of Columbia Superior Court. That is certainly your right, but the Board does not believe that the Fund was intended to pay on such claims. The Board does not believe that it is denying you any right to collect on that judgment directly against Field Auto City, but merely finding that you have not met the prerequisites set by the General Assembly for payment by the Fund. Otherwise, if every final judgment from a neighboring jurisdiction was brought to the Board for payment in this manner, it would set up an untenable situation. The Board would be forced to pay claims in which it could not intervene; the dealers would be forced to defend allegations in jurisdictions outside of Virginia where their dealerships are located; and then the Virginia dealers would be forced to pay for those out-of-state judgments with monies they contributed to a Virginia Fund. You are not without remedies to attempt to collect your judgment against the dealer, but the Board does not believe that the Fund is one of them.

If you disagree with the Board's decision, you have the right to appeal this decision to an appropriate Virginia Circuit Court in accordance with Va. Code § 2.2-4025, et. seq., and Part 2A of the Rules of the Supreme Court of Virginia. In order to do so, you must file a notice of appeal with the Motor Vehicle Dealer Board, 2201 West Broad Street, Suite 104, Richmond, Virginia 23220, within 33 days from the date of this letter, and you must then file a petition for appeal in the circuit court within the time set out in Part 2A of the Rules. If you do not file a notice of appeal on or before August 19, 2009 this decision will become final. Should you file an appeal, payment from the Fund will be withheld until such time as the court makes a final decision.

If you have any questions, please feel free to contact me in writing at the address listed at the bottom of the first page of this letter or you may call me at (804) 367-1100, ext. 3002.

Sincerely,

Bruce Gould, Executive Director
Motor Vehicle Dealer Board

BG/wan

Pc: Thomas C. Wilcox, Esquire
     Patrick R. Blasz, Esquire

Exhibit A                                            5

Ex. 1 at 29

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| COLIN ANDREW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:10CV353–HEH |
| | ) | |
| KENNETH T. CUCCINELLI, II, | ) | |
| in his official capacity as Attorney | ) | |
| General of Virginia, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION
### (Defendants' Motion to Dismiss Amended Complaint)

This is a putative class action challenging the constitutionality of the Virginia

Motor Vehicle Transaction Recovery Fund, codified in Section 46.2-1527.1 of the Code

of Virginia. Plaintiff contends that the statute's territorial limitations violate the Full

Faith and Credit Clause of Article IV, Section 1 of the United States Constitution.

The case is presently before the Court on the Defendants' Motion to Dismiss

Amended Complaint. Although the Attorney General of Virginia advances a number of

arguable flaws in the Amended Complaint, this Court need only focus on Plaintiff's lack

of standing to prosecute this claim for injunctive and declaratory relief.[1]

Both sides have submitted memoranda of law in support of their respective

positions. The Court will dispense with oral argument because the facts and legal

---

[1] Although the doctrines of standing and ripeness are technically distinct, "in practice there is an obvious overlap." *Miller v. Brown*, 462 F.3d 312, 319 (4th Cir. 2006) (citing Erwin Chemerinsky, *Federal Jurisdiction*, § 2.4 (4th ed. 2003)).

eXHIBIT C                     1

Ex. 1 at 30

contentions are adequately presented in the materials before the Court and argument would not aid in the decisional process.

The Virginia Motor Vehicle Transportation Recovery Fund ("the Fund") provides an administrative remedy for certain defrauded purchasers of vehicles from car dealers licensed in the Commonwealth of Virginia. The Fund is administered by the statutorily-created Motor Vehicle Dealers Board ("the Board"), composed primarily of representative Virginia licensed auto dealers. The Board evaluates claims and awards payments to qualifying claimants from a pool of assets contributed by Virginia car dealers. Neither the Board, nor the Fund, are part of the judicial branch of state government.

At issue is the territorial limitation in the governing statute which constrains the purview of the Board's authority. By statute, the Board is not an independent fact finder. Its authority to award compensation to aggrieved car purchasers is statutorily limited to claimants who present a "final judgment in a court of competent jurisdiction in the Commonwealth." Va. Code § 46.2-1527.3 (2010). The Board then evaluates the claim, satisfies any unpaid final judgment, and in exchange, receives an assignment of rights against the car dealer at fault.

Plaintiff's claim of unconstitutionality focuses on the requirement that the administrative remedy provided by Section 46.2-1527 is confined to judgments obtained from Virginia courts. The inability of the Board to honor out-of-state judgments, in Plaintiff's view, offends the Full Faith and Credit Clause of the U.S. Constitution. This Court, however, need not reach the facial sufficiency of the Amended Complaint nor the

2

eXHiBIT C                                              2

**Ex. 1 at 31**

merits of Plaintiff's claim.

A critical element of this Court's jurisdiction under Article III, Section 2 is justiciability, which is a judicially-created limitation on federal power. With some exceptions, justiciability is determined from the pleadings. This jurisdictional constraint evolves from the case or controversy requirements articulated in Article III, Section 2, which in effect prohibits federal courts from issuing advisory opinions. "Concerns of justiciability go to the power of the federal courts to entertain disputes, and to the wisdom of their doing so." *Renne v. Geary*, 501 U.S. 312, 316, 111 S. Ct. 2331, 2336 (1991).

A strand of this limitation is ripeness, which confines a federal court's jurisdiction to actual cases, as opposed to questions presented in the abstract. In other words, is the controversy mature for judicial consideration? *Rescue Army v. Mun. Court of City of Los Angeles*, 331 U.S. 549, 584, 67 S. Ct. 1409, 1427 (1947). The burden of proving ripeness falls on the party bringing suit. *Miller v. Brown*, 462 F.3d at 319 (4th Cir. 2006); *Renne v. Geary*, 501 U.S. at 316, 111 S. Ct. at 2336 (1991).

The analytical framework for reviewing challenges to justiciability is well-settled. In determining whether a substantial controversy exists, courts examine several factors: 1) hardship to the parties if the court withholds consideration, *Ft. Sumter Tours, Inc. v. Andrus*, 564 F.2d 1119, 1124 (4th Cir. 1977); and 2) fitness of the issues for judicial decision at this point, *Franks v. Ross*, 313 F.3d 184, 194–95 (4th Cir. 2002). A case is fit for judicial decision when issues are purely legal and when the action and controversy is final and not dependent on future uncertainties. *Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992).

eXHIBIT C                                                            3

Ex. 1 at 32

In the immediate case, neither the Plaintiff nor the putative class members have a judgment from a foreign jurisdiction for immediate presentation to the Board. According to the Amended Complaint, Plaintiff simply has a pending unresolved lawsuit filed in the Superior Court of the District of Columbia. (Am. Compl. ¶¶ 37, 38.) In its opening paragraph, the Amended Complaint describes the "Nature of Action": "[t]his class action arises out of the Defendants' violations of a constitutional right of the Plaintiff' s [sic] to have the judgments they may obtained [sic] or will obtain in District of Columbia or other courts outside of the commonwealth [sic] of Virginia enforced by the Commonwealth of Virginia." (Am. Compl. ¶ 1.)

The advisory nature of this action is more clearly demonstrated in Plaintiff's Opposition to Motion to Dismiss Amended Complaint:

> [t]his action is being brought not just on behalf of Mr. Andrew, who would like to know if his case would be better off dismissed and refiled in Virginia, so that the Board would honor his judgment, and those individuals who have not yet filed cases against Virginia Auto Dealers, but, who on doing so, have to decide whether to file in their preferred forum, DC or Maryland, or other states in which Virginia auto dealers are likely to be subject to jurisdiction (i.e., Tennessee, West Virginia) and would like to know whether a suit commenced out of state will be honored by the Board.

(Pl.'s Opp. Defs.' Mot. Dismiss Am. Compl. 2.)

It is obvious from the face of the Amended Complaint that neither the Plaintiff nor the putative class action members present an actual controversy for resolution. By their own acknowledgement, they are seeking advice from this Court to guide them in the prosecution of a possible claim against a Virginia auto dealer. The Amended Complaint filed in this case assumes that the class plaintiffs will prevail in their out-of-state lawsuits



eXHIBIT C                                         4

Ex. 1 at 33

and obtain a judgment which could form the basis for a claim against the Fund.  Until such time, Plaintiff's claim lacks the certainty and finality required of a justiciable controversy.

For the foregoing reasons, the Defendants' Motion to Dismiss Amended Complaint will be granted without prejudice.  An appropriate Order will accompany this Memorandum Opinion.

_____/s/_____
Henry E. Hudson
United States District Judge

Date: Dec 2, 2010
Richmond, VA

5

eXHIBIT C                                                    5

Ex. 1 at 34



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

COLIN ANDREW
Vs.                                                    C.A. No.        2016 CA 004456 B
MARK HERRING et al

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to:  Judge THOMAS J MOTLEY
Date:   June 20, 2016
Initial Conference: 9:30 am, Friday, September 23, 2016
Location:   Courtroom 212
            500 Indiana Avenue N.W.

Caio.doc

**Ex. 1 at 35**

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**Ex. 1 at 36**

Filed
D.C. Superior Court
08/19/2016 23:43PM
Clerk of the Court

DISTRICT OF COLUMBIA SUPERIOR COURT
Civil Division

Colin Andrew
As Class Representative

v.

Mark Herring et al

Defendants

Civil Action No 2016 CA 004456 B
Next Court Date Sept 23 2016
Judge Thomas J. Motley


EX PARTE MOTION FOR 60 DAY EXTENSION IN WHICH TO SERVE DEFENDANTS
FOR GOOD CAUSE SHOWN

Plaintiff, through undersigned counsel, moves for an additional sixty days in which to serve the defendants in this action.  Plaintiff moves as such because the first effort of service on 16 of the 18 defendants, via service upon the state agency of which said defendants are member, was rejected by said agency.  In addition, while the remaining two defendants have been served, the out of state process server has not yet prepared and returned to plaintiff's counsel the affidavits of service.

The affidavits of service for the two defendants served this week will be filed with the court early next week.  Plaintiff's counsel will have to serve each of these sixteen defendants individually at their regular place of abode.

WHEREFORE for the reasons set forth above, and in the accompanying statement of points and authorities, Plaintiff asks for an additional 60 days, until October 18, 2016, in which to serve the Defendants.

Respectfully submitted

*/s/ Thomas C. Willcox*
Thomas C. Willcox, Attorney at Law
DC Bar No 445135
1717 K Street, N.W., Suite 900
Washington DC 20036
202.338.0818
tcw19law@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Motion via CaseFile Express.  As the defendants in this case have not yet been served, this is an ex parte motion, and this motion is not being served on them, unless the court so directs.

Today,

August 19 2016

*/s/ Thomas C. Willcox*
Thomas C. Willcox

DISTRICT OF COLUMBIA SUPERIOR COURT
Civil Division

Colin Andrew
As Class Representative

v.

Mark Herring et al

Defendants

Civil Action No 2016 CA 004456 B
Next Court Date Sept 23 2016
Judge Thomas J. Motley:

ORDER

On the basis of Plaintiff's Ex Parte Motion For 60 Day Extension In Which To Serve Defendants For Good Cause Shown,

IT IS HEREBY ORDERED,

That Plaintiff shall have an additional 60 days, until October 19, 2016, in which to file affidavits of service upon the Defendants.

_____
Thomas J. Motley
DC Superior Court

Cc (via CaseFile Express)
Thomas C. Willcox
1717 K Street NW., 900
Washington DC   20009
Counsel for Plaintiff

DISTRICT OF COLUMBIA SUPERIOR COURT
Civil Division

Colin Andrew
As Class Representative

v.

Mark Herring et al

Defendants

Civil Action No 2016 CA 004456 B
Next Court Date Sept 23 2016
Judge Thomas J. Motley


STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION
FOR 60 DAY EXTENSION IN WHICH TO SERVE DEFENDANTS FOR GOOD CAUSE
SHOWN

This action was filed on June 20 2016. The Defendants are the Attorney General of

Virginia, The Virginia Motor Vehicle Dealer Board ("Board") and the individual members of the

Board ("Members").

By Monday August 14 2016, Plaintiff's counsel had the summonses and complaints to

his process server in Richmond Virginia.  Counsel anticipated that all Members could be served

at 2201 W. Broad Street, Richmond, the address of the Board, as it constituted a place of work,

and therefore an "abode" under Virginia law.

Service was effected on the Attorney General and the Board.  However, the process

server has yet to provide the undersigned with appropriate affidavits of service.

However, the Board refused to accept service on behalf of the Members.  Therefore, they

will have to be served at other addresses. Such could take considerable time.

For these reasons, Plaintiff asks for  an additional 60 days in which to serve the Members.

Respectfully submitted

*/s/ Thomas C. Willcox*
Thomas C. Willcox, Attorney at Law
DC Bar No 445135
1717 K Street, N.W., Suite 900
Washington DC 20036
202.338.0818
tcw19law@gmail.com

Filed
D.C. Superior Court
08/08/2016 09:00AM
Clerk of the Court

DISTRICT OF COLUMBIA SUPERIOR COURT
Civil Division

Colin Andrew
As Class Representative
v.                                          Civil Action No 2016 CA 004456 B
                                            Next Court Date Sept 23 2016
Mark Herring et al                          Judge Thomas J. Motley

Defendants


PRACEIPE TRANSMITTING INTIAL SUMMONS FOR ALLDEFENDANTS

TO THE CLERK OF COURT:

This praecipe transmits the initial summonses for all the defendants.  On June 20, 2016,

The undersigned filed the Complaint electronically.  However, due to technical difficulties, the

initial summonses were not included.

Respectfully submitted

*/s/ Thomas C. Willcox*
Thomas C. Willcox, Attorney at Law
DC Bar No 445135
1717 K Street, N.W., Suite 900
Washington DC 20036
202.338.0818
tcw19law@gmail.com

J:\daily back up\active\Andrew\MVB case_EDVA\Filings\10_05_26_Complaint\draft\10_03_31.wpd 12:33 pm10/1/10                    1